# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA MCCLAIN,<br><br>    Plaintiff,<br><br>    v.<br><br>L. GONZALES, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:07-cv-00945-OWW-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>and<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME<br><br>(Doc. 45)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Nakia McClain ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 20, 2010, Plaintiff filed a motion for an extension of time. (Doc. #45.) Plaintiff's motion also requests preliminary injunctive relief. Plaintiff asks the Court to order Defendants' attorney to assist Plaintiff in gaining access to the prison's law library. Defendants filed an opposition on June 3, 2010 and an amended opposition on June 15, 2010. (Docs. #47, 48.) Plaintiff has not filed a reply to Defendants' opposition.

**I.  Discussion**

Plaintiff requests a thirty (30) day extension of the discovery deadline. The Court's May 5, 2009 discovery/scheduling order set a discovery cut-off date of January 4, 2010. (Doc. #29.) The Court later granted an extension of time for conducting discovery and extended the cut-off date

1

to June 30, 2010. (Doc. #44.)

Plaintiff's only argument in support of his request for an extension of time is that he is being denied access to the prison law library because "it is the prison officials[sic] position that . . . inmates seeking discovery and or responding to discovery requests do not need access to the prison law library." (Pls.'[sic] Second Request for Enlargement of Time Pursuant to Rule 6(b), Fed. R. Civ. P. 2, ECF No. 45.) Plaintiff provides no explanation as to what discovery request(s) he is preparing, or to what discovery request(s) he is responding. Plaintiff provides no explanation as to why he needs access to the prison law library other than the vague explanation that the library "provides paging for legal case citations and not for legal materials and/or supplies." (Req. for Enlargement of Time 2, ECF No. 45.) Defendants argue that Plaintiff has been given "Preferred Legal User" status and that Plaintiff was given law library access on June 1, 2010, June 7, 2010, and June 14, 2010. (Am. Opp'n to Pl.'s Second Request for an Enlargement of Time 2:2-4, ECF No. 48.)

The Court will deny Plaintiff's request for an extension of time. Plaintiff has not set forth persuasive arguments in support of his request for an extension of time. Plaintiff has not clearly identified why he needs an extension of time to conduct discovery. Plaintiff has not indicated that he is preparing any discovery requests or responses to any discovery requests. Further, Plaintiff has not provided an adequate explanation as to why he was unable to prepare his requests or responses before the June 30, 2010 deadline for conducting discovery. The Court notes that the discovery deadline has already been extended nearly six (6) months past the original deadline.

The Court will also recommend that Plaintiff's request for preliminary injunctive relief be denied. Plaintiff asks the Court to order Defendants' attorney to assist Plaintiff with gaining access to the prison law library. The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

The Court finds that Plaintiff has offered no argument or evidence in support of his request for a preliminary injunction to assist him with gaining law library access. Plaintiff has made no effort to demonstrate that he is likely to succeed on the merits of his case, is likely to suffer irreparable harm in the absence of the Court's intervention, that the balance of equities are in his favor, or that the relief requested would be in the public's interest. The Court will recommend that Plaintiff's request for injunctive relief be denied.

**II.     Conclusion**

The Court finds that Plaintiff has failed to set forth any persuasive arguments that would justify an extension of the discovery deadline or granting him preliminary injunctive relief.

Accordingly, it is HEREBY ORDERED that Plaintiff's request for an extension of time is DENIED.

Further, it is HEREBY RECOMMENDED that Plaintiff's request for preliminary injunctive relief be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**    **June 26, 2010**            /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE