IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA MCCLAIN,<br><br>    Plaintiff,<br><br>    vs.<br><br>L. GONZALES, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:07-cv-00945 JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(Doc. 82) |

    On September 1, 2011, Plaintiff filed a motion for appointment of counsel. Plaintiff is advised in this regard that there is no constitutional right to appointed counsel in a § 1983 action. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). However, in certain exceptional circumstances, a court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations is dispositive and instead must be viewed together. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

    In the present case, the Court does not find the required exceptional circumstances to appoint counsel. First, while Plaintiff has produced sufficient evidence to escape summary judgment on some

1

of his claims, the Court cannot say at this time whether Plaintiff has a strong likelihood of succeeding on the merits of his claims. Second, Plaintiff argues that up to this point he has relied heavily on the aid of jailhouse prisoners to litigate this case; that he has a low level of education; and that he is receiving mental health treatment. (See Doc. 82 at 2-3.) Nevertheless, the Court is not convinced that Plaintiff is unable to adequately articulate his claims in light of their complexity. Plaintiff's claims are narrow, involving two claims of excessive force and retaliation against two defendants. This Court is faced with similar cases almost daily. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious, complex, and exceptional of cases.

Accordingly, for the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's September 1, 2011 motion for the appointment of counsel (Doc. 82 ) is **DENIED**.

IT IS SO ORDERED.

Dated:  **September 2, 2011**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE