IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA MCCLAIN,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>L. GONZALES, et al.,<br><br>　　　Defendants.<br>_____/ | Case No. 1:07-cv-00945 JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF AN EXPERT WITNESS<br><br>(Doc. 79) |

　　On August 30, 2011, Plaintiff filed a motion for the appointment of an expert witness pursuant to Federal Rule of Evidence 706. Rule 706 provides federal courts with discretion to enter an order to show cause why an expert witness should not be appointed. Fed. R. Evid. 706(a). Thereafter, the court has discretion to either appoint an expert witness agreed upon by the parties or an expert witness based upon its own selection. Id.

　　The Court finds appointment of an expert witness to be inappropriate in this case for two main reasons. First, the medical issues in this case are not so complex that appointment of an expert witness is necessary. A fact finder will be fully capable of understanding Plaintiff's medical reports regarding his knee in determining whether Plaintiff suffered an injury as a result of Defendants' alleged use of excessive force. Notably, this is *not* a complex Eighth Amendment inadequate medical care case that might require a fact finder to siphon through extensive, complex medical records.

1

Second, Rule 706 requires that the appointed expert be reasonably compensated. Fed. R. Evid. 706(b). Plaintiff, however, is proceeding in forma pauperis in this action. Therefore, Defendants will be the ones force to carry the burden of this cost, as the in forma pauperis statute does not authorize a district court to waive witness fees or pay expenses to witnesses. Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989). This is something the Court will do only in exceptional cases. See Herrera v. Hall, No. 1:08-cv-01882-LJO-SMS PC, 2011 U.S. Dist. LEXIS 68853, at *3-4 (E.D. Cal. June 27, 2011) (denying motion to appoint an expert witness where the case did not present particularly exceptional or complex legal issues). Plaintiff's case is not exceptional.

Accordingly, for all the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's August 30, 2011 motion for the appointment of an expert witness (Doc. 79) is **DENIED**.

IT IS SO ORDERED.

Dated: **September 23, 2011**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE