IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA MCCLAIN, | Case No. 1:07-cv-00945 JLT (PC) |
| Plaintiff, | <u>PRETRIAL ORDER</u> |
| vs. | Deadlines:<br>Motions in Limine: 12/30/11 |
| L. GONZALES, et al., | Oppositions to Motions in Limine:<br>1/15/12 |
| Defendants. / | Trial Submissions: 1/6/12 |
| | Jury Trial: 1/31/12, 9:00 a.m.<br>Courtroom 6 |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Following the Court's order granting Defendant's Motion for summary judgment, (Doc. 75), the remaining claims for trial include Plaintiff's Eighth Amendment claims of excessive force against Defendants Gonzales, Thomas, and Beltran and his First Amendment claims of retaliation against Defendants Gonzales and Thomas. Upon consideration of the parties' comments at hearing, the parties' pretrial statements, and the file in this case, the Court issues the following pretrial order.

**A.   JURISDICTION / VENUE**

Plaintiff seeks relief under 42 U.S.C. § 1983. The Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. In addition, Plaintiff's claims arise out of events that occurred at the California State Prison at Corcoran (CSP-Cor). Accordingly, venue is proper

in the United States District Court for the Eastern District of California sitting in Fresno. 28 U.S.C. § 1391.

**B.  JURY TRIAL**

Plaintiff included a demand for jury trial in his amended complaint. Defendants also included a demand for jury trial in their answer. Accordingly, trial will be by jury.

**C.  UNDISPUTED FACTS**

1. Plaintiff is an inmate in the lawful custody of the California Department of Corrections and Rehabilitation (CDCR) who, at all times relevant to this action, was housed at the California State Prison (CSP-Cor) at Corcoran, California.
2. Defendants Gonzales, Thomas, and Beltran were correctional officers at California State Prison at Corcoran during all relevant times in the complaint.
3. Plaintiff submitted an inmate grievance against Medical Technical Assistant Osborne on August 21, 2006, and an inmate grievance against Correctional Officer Aguilar two months later, on October 29, 2006.
4. On October 30, 2006, Plaintiff was escorted from his exercise area back to his cell by Defendants Gonzales and Beltran.
5. On October 30, 2006, Defendants Gonzales, Thomas, and Beltran participated in using force against Plaintiff
6. Plaintiff was handcuffed at the exercise area by Defendant Gonzales.
7. Plaintiff fell to the floor near his cell door.
8. On October 30, 2006, Defendant Beltran placed leg restraints on Plaintiff and aided Defendant Gonzales in using force on Plaintiff
9. On October 30, 2006, Defendant Gonzales put handcuffs on Plaintiff

**D.  DISPUTED FACTS**

1. Whether Defendant Gonzales handcuffed Plaintiff too tightly while escorting him to his cell.
2. Whether Defendant Gonzales caused Plaintiff to fall to the floor or whether Plaintiff dropped to the floor of his own volition.

3. Whether Defendant Gonzales pinned Plaintiff to the floor after he fell.
4. Whether Defendant Gonzales dragged Plaintiff away from the cell door.
5. Whether any Defendant closed the cell door on Plaintiff while Plaintiff was laying on the ground.
6. Whether Defendants Gonzales, Thomas, and Beltran use of force against Plaintiff a reasonable and necessary use of force.
7. Whether Defendant Beltran's placing leg restraints on Plaintiff was a reasonable and necessary use of force.
8. Whether Defendants Gonzales and Thomas took any adverse action against Plaintiff on October 30, 2006.
9. Whether Defendants Gonzales and Thomas were aware of Plaintiff's protected activity.
10. Whether Defendants Gonzales and Thomas acted in furtherance of a legitimate penological purpose on October 30, 2006.
11. Whether Plaintiff suffered any injury as a result of the events of October 30, 2006.
12. The extent of Plaintiff's damages.

**E.    DISPUTED EVIDENTIARY ISSUES**

Though both sides anticipate, in general, making evidentiary objections at the time of trial and will insist on compliance with the rules of evidence, neither side has identified any specific evidentiary issue at this time.

Plaintiff's Evidentiary Issues

Plaintiff states generally that he anticipates disputes concerning Defendants' evidence resulting from hearsay, relevance, lack of authentication as well as further disputes regarding discovery propounded by Plaintiff and Defendant's "untrustworthy actions" regarding this production.

Defendants' Evidentiary Issues

1. Should Plaintiff or any other incarcerated witnesses testify, Defendants will seek to impeach such witnesses by presenting evidence of prior felony convictions and/or specific instances of conduct demonstrating their propensity to lie.

2. Should Plaintiff offer evidence of intangible injuries such as impairment of reputation, personal humiliation, and mental anguish and suffering, Defendants will seek to introduce evidence of the length of Plaintiff's sentence to show that any injury to his reputation would be measured only by his loss of standing within the prison community.

3. Defendants will object to the testimony of any witnesses not listed in Plaintiff's pretrial disclosure.

4. Defendants will object to Plaintiff's exhibits as hearsay to the extent that there is no applicable hearsay exception.

5. To the extent it is cumulative and irrelevant, Defendants will object to Plaintiff's intended testimony of incarcerated witnesses.

6. Plaintiff has listed discovery materials, declarations of the Defendants, and declarations of inmate witnesses as exhibits. These materials may be used only to the extent permitted by the rules of evidence.

7. Plaintiff alleges psychological and physical injuries. Generally, expert medical testimony is necessary to establish whether Plaintiff suffered any mental or physical harm as a result of the alleged retaliation and use of force. Plaintiff has not identified any expert medical witnesses, and there is nothing in the record indicating that he is qualified as an expert medical witness. In the absence of proof from a medical expert, Plaintiff lacks competent medical evidence to make out a *prima facie* case of whether he suffered any mental or physical harm as a result of the alleged retaliation and use of force.

**F.  SPECIAL FACTUAL INFORMATION**

None.

**G.  RELIEF SOUGHT**

Plaintiff seeks $350,000 in compensatory damages and $200,000 in punitive damages. Defendants pray for judgment in their favor with an award of costs of the action.

**H.  POINTS OF LAW**

### 1. Section 1983

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

### 2. Eighth Amendment Excessive Force Claim

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (quotation marks and citations omitted). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 130 S. Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 130 S. Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Wilkins, 130 S. Ct. at 1178 (quoting

Hudson, 503 U.S. at 9-10) (quotations marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 130 S. Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Wilkins, 130 S. Ct. at 1178.

### 3. First Amendment violation based on Plaintiff's claim of retaliation

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt, 65 F.3d at 807. An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). The correct inquiry is "whether an official's acts would chill or silence a person of ordinary firmness from further First Amendment activities." Rhodes, 408 F.3d at 569

(citations omitted).

**4. Punitive Damages**

The Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2009). The jury must find that the defendant's conduct is "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1986). See also Larez v. Holcomb, 16 F.3d 1513, 1518 (9th Cir. 1994).

I. **ABANDONED ISSUES**

None.

J. **WITNESSES**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(10).

Plaintiff anticipates calling the following witnesses at trial:

1. Inmate Kevin Fields
2. Defendant L. Gonzales
3. Defendant J.C. Thomas
4. Defendant Beltran

Defendant anticipates calling the following witnesses at trial:

1. Correctional Officer L. Gonzales;
2. Correctional Officer E. A. Belton;
3. Correctional Officer J. Thomas;
4. Correctional Sergeant R. Peters;
5. Correctional Officer A. Smith;
6. Medical Technical Assistant C. Bowe (formerly known as C. Sullivan);
7. Registered Nurse D. Montoya , percipient and expert witness designated pursuant

7

|   |   |   |
|---|---|---|
| 1 |  | to Fed. R. Civ. P. 26(a)(2); |
| 2 | 8. | Correctional Sergeant M. Robicheaux, expert witness designated pursuant to Fed. R. Civ. P. 26(a)(2); |
| 4 | 9. | Correctional Sergeant F. Martinez, expert witness designated pursuant to Fed. R. Civ. P. 26(a)(2); |
| 6 | 10. | V. Amirpour, M.D., expert witness designated pursuant to Fed. R. Civ. P. 26(a)(2). |

**K. EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(11).

**Plaintiff's Exhibits**

1. Medical records from CSP Corcoran and Mercy Hospital
2. Documents regarding his 602 appeal
3. Declarations of inmate witnesses
4. Copies of specific state regulations
5. Excerpts from Plaintiff's prison central file
6. Copies of past orders issued by Defendants
7. Copies of local prison policies and procedures
8. Other documents from Defendant's discovery responses

**Defendant's Exhibits**

1. Plaintiff's Health Care Services Request forms, dated January 10, 2006, through December 4, 2007;

2. Plaintiff's Physicians' Progress Notes, dated January 23, 2005, through December 15, 2006;1.

3. Plaintiff's Physicians' Orders, dated January 14, 2005, through December 18,

2006;

4. Plaintiff's comprehensive Accommodation Chronos, dated August 7, 2006, through January 26, 2007;

5. Plaintiff's Medication Administration Records, dated January 2005, through December 2007;

6. Plaintiff's Emergency Care Flow Sheets, dated February 28, 2005, through January 11, 2007.

7. Plaintiff's Radiology Reports and Consultations;

8. Plaintiff's Orthopedic Clinic Notes, dated November 29, 2006, through July 26, 2007;

9. Plaintiff's Inpatient Records for Hospital Admissions on April 21, 2005, May 2, 2006, June 28, 2006, August 26, 2006, September 22, 2006, September 30, 2006, October 30, 2006, November 30, 2006, December 17, 2006, and January 11, 2007.

10. Plaintiff's Mental Health Placement Records, dated August 26, 2006, through December 17, 2006; and

11. Plaintiff's Mental Health Progress Notes, for the years 2005, 2006, and 2007.

On or before **December 12, 2011**, each party shall provide the other with a copy of any exhibit not previously produced during discovery. No later than **January 10, 2011**, each party shall provide to the other side, a complete set of pre-marked exhibits that the party intends to use at trial.

In addition, the original and four copies of all trial exhibits, along with exhibit lists, shall be submitted to the Courtroom Deputy no later than **January 10, 2011**.[1] Plaintiff's exhibits shall be pre-marked and numbered sequentially beginning with 1 through 500 (e.g., Exhibit 1, Exhibit 2, etc.). Defendants's exhibits shall be pre-marked and numbered sequentially beginning with 501 (e.g., Exhibit 501, Exhibit 502, etc.).

**The Parties shall number each page of any exhibit exceeding one page in length.**

---

[1] Original for the Courtroom Deputy, one copy for the Court, one copy for the court reporter, one copy for the witness stand and one to retain for themselves.

9

**L.    DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

Should either party wish to rely upon any deposition testimony, the party SHALL lodge the original transcript of any deposition with the Courtroom Deputy no later than **January 10, 2012**.

Plaintiff anticipates offering the following discovery documents at trial:

1. Plaintiff's Deposition lodged with the court August 31, 2010 (Doc. 54).
2. Discovery responses provided from interrogatories and requests for admissions, as needed.

Defendant anticipates offering the following discovery documents at trial:

1. Plaintiff's Deposition, lodged with the court August 31, 2010 (Doc. 54).

**M.    FURTHER DISCOVERY OR MOTIONS**

Discovery closed in this action on June 30, 2010. (Doc. 44).

Any party may file motions in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules do not explicitly provide for the filing of motions in limine, the court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. Luce v. United States, 469 U.S. 38, 41 n.4 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id. All motions in limine must be served on the other party, and filed with the Court, by **December 23, 2011**. The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the

other party, and filed with the Court, by **January 6, 2012**. The Court will decide all motions in limine upon the written submissions. The parties are reminded that they may still object to the introduction of evidence during trial.

**N.     STIPULATIONS**

   The parties have not agreed upon any stipulations at this time.

**O.     AMENDMENTS/DISMISSALS**

   None at this time.

**P.     SETTLEMENT NEGOTIATIONS**

   On August 29, 2011, Plaintiff filed a motion requesting a settlement conference (Doc. 77), however based on Defendants statement that settlement negotiations would not be useful at this juncture, the Court, on September 14, 2011, denied Plaintiff's motion. (Doc. 86).

**Q.     AGREED STATEMENT**

   Plaintiff intends to file a proposed statement of the case.

**R.     SEPARATE TRIAL OF ISSUES**

   As is this Court's standard practice, the Court will bifurcate the issue of punitive damages. If the jury finds that the Defendant is liable for punitive damages, the Court will conduct a second phase of trial on the amount of punitive damages.

**S.     EXPERTS**

   The Court has considered Plaintiff's motion (Doc. 79) for the appointment of an expert witness and has denied Plaintiff's motion. (Doc. 87).

**T.     ATTORNEYS' FEES**

   Plaintiff is proceeding pro se and is not entitled to attorney's fees. Defendant is seeking attorneys' fees and costs.

**U.     TRIAL DATE / ESTIMATED LENGTH OF TRIAL**

   Jury trial is set for **January 31, 2012**, at 09:00 a.m. before the Honorable Jennifer L. Thurston in Courtroom 6, 7th Floor, United States Courthouse, 2500 Tulare Street, Fresno, California. Trial is expected to last no longer than two days.

**V.     TRIAL PREPARATION AND SUBMISSIONS**

1. Trial Briefs

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, he must do so in accordance with Local Rule 285 and be filed on or before **January 6, 2012**.

2. Jury Voir Dire

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **January 6, 2012**.

3. Statement of the Case

The parties SHALL file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **January 6, 2012**. The Court will consider the parties' statements but, as necessary, will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

4. Jury Instructions

Defendants shall file proposed jury instructions as provided in Local Rule 163 on or before **January 6, 2012**. If Plaintiff also wishes to file proposed jury instructions or object to those proposed by Defendants, he must do so on or before **January 13, 2012**.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. All jury instructions must be submitted in duplicate: One set will indicate which party proposes the instruction, with each instruction numbered or lettered, and containing citation of supporting authority, and the customary legend, i.e., "Given, Given as Modified, or Refused," showing the Court's action, with regard to each instruction. One set will be an exact duplicate of the first, except it will not contain any identification of the party offering the instruction or supporting authority or the customary legend of the Court's disposition. Defendants shall provide the Court with a copy of their proposed jury instructions via e-mail at jltorders@caed.uscourts.gov. If Plaintiff elects to file any proposed jury instructions, he may file those, as normal, under this case number with the Clerk of the Court.

5. Verdict Form

Defendants shall file a proposed verdict form as provided in Local Rule 163 on or before

1 **January 6, 2012.** If Plaintiff also wishes to file a proposed verdict form or object to the one filed by
2 Defendants, he must do so on or before **January 13, 2012.**

## W. OBJECTIONS TO PRETRIAL ORDER

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

## X. MISCELLANEOUS MATTERS

Plaintiff's Miscellaneous Matters:

Plaintiff requests that he be unrestrained while before the jury and that he be allowed to wear "non-prison" clothing during trial. (Doc. 80 at 13). Plaintiff additionally requests the ability to use the same technology as defense counsel. (Doc. 80 at 13). The Court notes that should it grant Plaintiff's request to wear "non-prison" clothing it will be Plaintiff's responsibility to arrange for the clothing to be available at the time of trial and at Plaintiff's own expense.

The Court **DENIES** Plaintiff's request to be completely unshackled. As long as he is compliant and not disruptive, he will be permitted to have his hands unshackled.

Because Plaintiff will be required to remain seated, due to his shackling, the Court ORDERS that defense counsel and others at counsels' table will remain seated also. Defendants object to the requirement that they remain seated *unless* the Court instructs the jury that they have been ordered to remain seated. Because the Court finds that raising this issue with the jury unnecessarily and prejudicially reminds jurors of Plaintiff's custody status, the Court **OVERRULES** Defendants' objections.

Any use of courtroom technology by either side SHALL be only through the limited assistance of the courtroom staff. Thus, both sides should be prepared to present their cases without the use of courtroom technology to the extent possible.

Plaintiff's custody status is an element of his claim. Therefore, whether he wears prison or non-prison clothes while before the jury, is not prejudicial or beneficial to him. However, if Plaintiff provides his own non-prison clothing and wearing these clothes is permitted by his custodians, the Court **GRANTS** his request to wear non-prison clothing. However, if the clothes are not available at

the time of trial, undue delay would be caused by changing clothes or his custodians will not permit Plaintiff to wear non-prison clothes or, then the Court will reconsider this order and the request will be DENIED at that time.

<u>Defendant's Miscellaneous Matters</u>:

Claims of Privilege: To the extent that Plaintiff attempts to obtain, by subpoena or otherwise, ECFCR departmental records containing personal information relating to any Defendant, Defendants will claim privilege as found at California Code of Regulations, Title 15, section 3450(e).

**Y.     COMPLIANCE**

Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:   **November 8, 2011**                               /s/ Jennifer L. Thurston
                                                                     UNITED STATES MAGISTRATE JUDGE