IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA MCCLAIN,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>L. GONZALES, et al.,<br><br>　　　Defendants. | CASE NO. 1:07-cv-00945 JLT (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE<br><br>(Doc. 92)<br><br>ORDER DENYING DEFENDANTS' MOTION IN LIMINE<br><br>(Doc. 96) |

On December 14, 2011, Plaintiff filed his motion in liming seeking to preclude the introduction of evidence of his felony conviction(s) and the introduction of information related to disciplinary matters that fall outside of the current matters raised in the complaint. (Doc. 92)

Defendants filed their motion in limine on December 20, 2011. (Doc. 96) Defendants object to Plaintiff introducing various documents at trial. They identify the documents in very vague terms but claim that they contain hearsay and double hearsay. Id. at 2.

For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART** and Defendants' motion is **DENIED** without prejudice.

**I.　Plaintiff's motion in limine**

Federal Rules of Evidence 609(a) provides,

The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
　　(1)　for a crime that, in the convicting jurisdiction, was punishable by death

1

or by imprisonment for more than one year, the evidence:

    (A)    must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and

    (B)    must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

(2)    for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

However, generally, a conviction will not be admitted if more than 10 years have passed since the person was released from confinement on that charge. Likewise, it is presumed that a conviction will not be introduced if it is more than 10 years old <u>if</u> the person is not still in custody for that charge. However, in either of these circumstances, the conviction may be admitted if its probative value outweighs its prejudicial effect.[1] F.R.E. 609(b).

Here, Plaintiff seeks to preclude the introduction of evidence related of "criminal convictions." (Doc. 92 at 1) The Court cannot determine whether Plaintiff has suffered more than one conviction, whether there are convictions other than the one for which he is in custody or whether any other convictions are felonies or misdemeanors.[2]

Because so little information has been provided, the Court cannot reasonably determine the admissibility of any conviction, other than the one for which he remains in custody. As to this felony conviction, Plaintiff's motion is **DENIED**. Defendants may rely upon this conviction to impeach Plaintiff's truthfulness. F.R.E. 609(a). If there are other convictions that Defendants seek to introduce, they SHALL raise this topic with the Court outside of the presence of the jury. They SHALL not refer to any other conviction in front of the jury without first doing so.

Plaintiff also moves the Court to exclude evidence of disciplinary violations that are unrelated to the current case. (Doc. 92) However, once again, Plaintiff provides no information as to these

---

[1] Likewise, Defendants must give reasonable, written notice of their intent to use the evidence so that Plaintiff has an opportunity to object. F.R.E. 609(b)(2).

[2] Clearly, given Plaintiff has been in prison for some time, he has suffered at least one felony conviction and remains in custody as a result.

disciplinary violations. Id. In any event, Defendants do not assert that these violations would be admissible. (Doc. 98) Given this, the Court **GRANTS** Plaintiff's motion. No party SHALL refer to disciplinary violations in the presence of the jury, that are unrelated to the issues raised in this litigation, without first raising this topic with the Court.

## II. Defendants motion in liming

Defendants move the Court to exclude certain documents from admission into evidence. (Doc. 96) Defendants list the following documents that they seek to exclude:

1. Documents regarding his 602 appeal;
2. Declarations of inmate witnesses;
3. Copies of specific state regulations;
4. Excerpts from Plaintiff's prison central file;
5. Copies of past orders issued by Defendants;
6. Copies of local prison policies and procedures;
7. Other documents from Defendant's discovery responses.

Id. at 2. Defendants contend that these documents contain hearsay and double hearsay. Id. On the other hand, Defendants contend that the documents may be used for impeachment purposes "or any other purpose that would independently generate the use of the evidence." Id. at 3.

Unfortunately, Defendants provide too little information. Though the Court does not doubt that there is likely to be inadmissible hearsay in these documents somewhere, the Court cannot rule in a vacuum. It must be able to consider the specific statement at issue and then make its determination. Likewise, the Court does not doubt that somewhere in the documents there may be statements that are not hearsay or are non-hearsay or that there may be exceptions to hearsay that could allow their admission. However, the failure of Defendants to present the specific statements at issue requires the Court to **DENY** their motion without prejudice to them making objections at trial, if appropriate.[3]

///

---

[3] On the other hand, the parties are advised that it is unlikely that state regulations will be admitted at trial. However, the Court will determine this if and when it is necessary. In any event, the parties are cautioned that they are not to attempt to instruct the jury as to the law through their introduction of evidence. The duty to instruct the jury is reserved to the Court.

3

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion in limine is **GRANTED IN PART** and **DENIED IN PART**;
2. Defendants' motion in limine is **DENIED**.

IT IS SO ORDERED.

Dated:  **January 19, 2012**                    **/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE